United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JOSE RAMOS, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>SAN JOSE UNIFIED SCHOOL DISTRICT, et al.,<br><br>    Defendants. | Case No. 5:17-cv-07202-EJD<br><br>**ORDER APPROVING SETTLEMENT OF MINOR'S CLAIMS**<br><br>Re: Dkt. No. 32 |

Plaintiffs Joe Ramos, Ana Garcia, and O.R., a minor by and through his guardians ad litem Jose Ramos and Ana Garcia (hereinafter "Plaintiff O.R.") initiated this action against San Jose Unified School District and named individuals ("Defendants") for violating the Americans with Disabilities Act, Section 504 of the Rehabilitation Act of 1973, as well as state laws. Complaint, Dkt. No. 1. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question). After formal mediation with Magistrate Judge Nathanael Cousins, the parties agreed to settle the lawsuit. Presently before the Court is Plaintiff's Motion to Approve Settlement of Minor's Claims. Dkt. No. 32. Plaintiff's compromise is GRANTED for the reasons set forth below.

I. **BACKGROUND**

Plaintiff O.R. is a minor who was a special education student within the San Jose Unified School District. Compl. ¶¶ 6-7. Plaintiff O.R. received physically abusive treatment while in class by an instructional aide employed by the school. The instructional aide "dragged [Plaintiff] O.R. by his ankles approximately five to six feet across the ground scraping his bare body across the rough carpet. After the dragging, [Plaintiff] O.R. was left face down with his shirt pulled and his bare belly red and torn with rug rash." *Id*. ¶ 29. Because Plaintiff O.R. is non-verbal, this

Case No.: 5:17-cv-07202-EJD
ORDER APPROVING SETTLEMENT OF MINOR'S CLAIMS

1

1  abuse went unnoticed until another child in the classroom reported the incident to his parents who then reported the incident to Plaintiffs Jose Ramos and Ana Garcia. Compl. ¶ 31. The facts of the abuse were corroborated by another adult in the classroom at the time of the incident. *Id*. ¶ 38.

After the incident, Plaintiff O.R. suffered exacerbation of his disability and behavioral regression because of trauma and fear. *Id*. ¶ 34. Plaintiffs allege they have suffered emotional distress, loss of sleep, shame, humiliation, worry, anxiety, stress, loss of work, and continual medical expenses for treatment of Post-Traumatic Stress Disorder. *Id*. ¶¶ 60, 61.

The parties engaged in mediation and subsequently settled all claims. The parties agree that Plaintiff O.R.'s best interest is served with the settlement of this matter. The parties agree on a monetary amount of $135,000 to be dispersed among Plaintiff O.R., his parents, and counsel.

**II.    LEGAL STANDARD**

"District courts have a special duty, derived from Federal Rules of Civil Procedure 17(c) to safeguard the interests of litigants who are minors." *Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011). "Rule 17(c) provides, in relevant part, that a district court 'must appoint guardian ad litem—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action.'" Fed. R. Civ. P. 17(c). "Federal courts generally require that claims by minors . . . be settled in accordance with applicable state law." The Wagstaffe Group Practice Guide: Federal Civil Procedure Before Trial, § 46-V[B][2], 46.49 (2017).

In California, a settlement or compromise of a claim of a minor is not enforceable without court approval. Cal. Civ. Proc. § 372(a)(1). California law requires a court to "assure that whatever is done is in the minor's best interest" and that "the compromise is sufficient to provide for the minor's injuries, care and treatment." *Goldberg v. Superior Court*, 23 Cal. App. 4th 1378, 1382 (Cal. Ct. App. 1994). In the context of a proposed settlement, the Ninth Circuit looks at each minor's net recovery in isolation in determining whether the amount is fair and reasonable, regardless of any amount apportioned for attorney's fees. *Robidoux*, 638 F.3d at 1182.

## III. DISCUSSION

The Court finds the parties' compromise to be fair and reasonable. In exchange for a general release of all past claims, Defendants have agreed to pay $135,000 to settle the dispute. Plaintiffs' settlement is to be distributed as follows: (a) $5,000 to be paid to Plaintiff O.R.'s parents, Plaintiffs Ana Garcia and Jose Ramos; (b) $15,000 to be deposited into a California ABLE ("CalABLE") account for the benefit of Plaintiff O.R.; (c) $70,450.00 to be used to purchase a structured settlement annuity paid in increments annually over five years for the benefit of Plaintiff O.R.; and (d) $44,550 to be paid for attorney's fees.

At the hearing Plaintiffs' counsel stated that the CalABLE account sequesters monies for future life improvements for Plaintiff O.R. such as therapy sessions. Counsel represented that Plaintiff O.R. suffers from "profound challenges" and the annuity will ensure that Plaintiff O.R. receives necessary medical treatment in the future, including speech therapy and other services to help Plaintiff O.R. gain some independence.

The compromise is consistent with other cases in California. *See C.F. v. San Lorenzo Unified Sch. Dist*, 2016 U.S. Dist. LEXIS 115870, at *3-4 (N.D. Cal. Aug. 29, 2016) (approving a $65,000 compromise for loss of special education services to minor plaintiff with Attention Deficit Hyperactivity Disorder, Dyslexia, and learning disabilities); *MAP v. City of Bakersfield*, 2009 U.S. Dist. LEXIS 7519, at *2 (E.D. Cal. Jan. 23, 2019) (approving a $95,000 compromise when a police dog attacked minor plaintiff in his bed and bit him in his head); *M.D. v. Rosedale Union Sch. Dist.*, 2009 U.S. Dist. LEXIS 4118, at *2-4 (E.D. Cal. May 13, 2009) (approving a $9,999.00 compromise when minor was verbally and physically beaten at school by other students).

The Court also finds the request for attorney's fees totaling approximately 33% of the recovery is reasonable. The parties engaged in extensive negotiations with a mediator to reach settlement. Dkt. No. 32-1 at 2. Plaintiffs' counsel reviewed records, researched, and engaged in extensive document discovery as well as settlement negotiations. *Id*.

For the reasons stated above, the court finds that the minor's compromise is fair,

Case No.: 5:17-cv-07202-EJD
ORDER APPROVING SETTLEMENT OF MINOR'S CLAIMS

3

reasonable, and in the best interest of the minor. Therefore, the petition to approve a compromise of the minor's claims is GRANTED.

## IV. CONCLUSION & ORDER

The Court orders as follows:

1. The petition to approve compromise of the minor's claim is GRANTED;

2. A portion of the settlement proceeds for the minor in the amount of $15,000, shall be in the form of a check for deposit into the minor's CalABLE account for the benefit of O.R. (the check will be in the full name of the minor Plaintiff O.R.);

3. A portion of the settlement proceeds for the minor, in the amount of $70,450.00 shall be used to purchase a settlement annuity in accordance with Exhibit 1;

4. $5,000 in settlement proceeds for the adult plaintiffs in the form of a check made out to Jose Ramos is GRANTED;

5. Attorney's fees and costs in the amount of $44,550 in the form of a check made out to Tollner Law Offices is GRANTED.

**IT IS SO ORDERED.**

Dated: February 22, 2019

EDWARD J. DAVILA
United States District Judge

Case No.: 5:17-cv-07202-EJD
ORDER APPROVING SETTLEMENT OF MINOR'S CLAIMS
4